IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DIMENTIONAL DEAD PRODUCTIONS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1-21 )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:12-cv-603 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WELTMAN'S MOTION TO QUASH**

Pursuant to Federal Rule of Civil Procedure and this Court's Rules, Plaintiff's submit this response in opposition to Pro Se Defendant Clint Weltman's motion to quash Plaintiff's subpoena [Doc.11].

**I.  Background**

The instant action is a copyright infringement lawsuit. In their complaint Plaintiff, Dimentional Dead Productions, has alleged that twenty-one individual Doe Defendants acted in concert to infringe Plaintiff's copyrighted Motion Picture "Night of the Living Dead 3D" ("Motion Picture"). *See* Complaint [Doc.1] at ¶¶4-18.

This Court granted Plaintiff's motion to take limited discovery prior to a Rule 26(f) conference, concluding that "The Court finds that there is little chance of prejudice to the alleged infringers." [Doc.7 at 3]. Plaintiff's motion to take discovery was grounded upon the fact that a 26(f) conference was not possible unless and until the Plaintiffs could identify and serve the Defendants. Plaintiff's motion included evidence that each of the Doe Defendants in the instant litigation used an Internet file sharing protocol called BitTorrent to copy and reproduce the

1

Motion Picture over the Internet. The Plaintiff's motion and complaint allege, and provide evidence that, the actions of each of the twelve individual Defendants combined to result in the unauthorized, viral dissemination of Plaintiff's Motion Picture. *See* Complaint [Doc.2] at ¶¶4-18; *see also* Decl. Griffin at ¶¶21, 24, 25, 29-30. Plaintiff's motion and complaint allege, and include evidence, that all Defendants participated in a single transaction that resulted in copyright infringement of Plaintiff's Motion Picture. *Id.* Finally, the complaint and motion allege, and include evidence that the offending acts of all Defendants occurred within the geographical boundaries of the Eastern District. Decl. Griffin. [Doc. 4-1] at ¶33.

## II. Arguments

### A. Standard

Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. *See Pacific Century Int'l, Ltd. v. Does 1–37,* ––F.Supp.2d ––––, 2012 WL 1072312, at *2 (N.D.Ill. March 30, 2012).

For the reasons set forth below, in the instant case Defendant Weltman fails to assert grounds supporting his motion to quash.

### B. Information Subpoenaed is Neither Privileged Nor Protected Matter

Defendant Weltman's motion does not assert recognized grounds that Plaintiff's subpoena requests privileged or protected matter, because the information subpoenaed is not privileged or protected. While individuals do have a First Amendment right to engage in anonymous speech on the internet, the First Amendment does not protect copyright infringement, and "to the extent that anonymity is used to mask copyright infringement or to facilitate such

2

infringement by other persons, it is unprotected." *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *4 (N.D.Ill.); citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 118 (2d Cir.2010).

Accordingly, in the context of a subpoena challenge, the defendant's First Amendment right to remain anonymous gives way to the plaintiff's right to access the judicial process to protect its copyright. *Hard Drive Productions*, 2012 WL 2196038, at *4; citing *Arista Records*, 604 F.3d at 124; *First Time Video,* 276 F.R.D. at 248; *Voltage Pictures, LLC v. Does 1–5,000*, 818 F.Supp.2d 28, 36 (D.D.C.2011).

To the extent that Defendant Weltman may "assert some more amorphous privacy interest in not having his identity revealed, courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Productions*, 2012 WL 2196038, at *4; quoting *First Time Videos,* 276 F.R.D. at 249; *see also Boy Racer, Inc. v. Does 1–34,* No. 11–23035, 2012 WL 1535703, at *4 (S.D.Fla. May 1, 2012).

For all of these reasons, Defendant Weltman has not shown that his privacy interest would justify quashing the subpoena under Rule 45.

### D. Defendant Weltman's Assertions of Innocence Cannot Serve to Quash

Defendant Weltman asserts facts, unsupported by any evidence, that the subpoena should be quashed because he is innocent of the allegations. However, "[i]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *Hard Drive Productions v. Does 1–48*, 2012 WL 2196038, at *3 (N.D.Ill.); citing *First Time Videos v. Does 1–76,* 276 F.R.D. 254 (N.D.Ill.2011). The criteria set forth in Rule 45 for quashing a subpoena

3

include the required "disclosure of privileged or other protected matter" or the avoidance of an "undue burden." *Id.*, *citing* Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). A defendant's denial of liability is simply "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *Hard Drive Productions*, 2012 WL 2196038, at *3, *quoting First Time Videos*, 276 F.R.D. at 251. The Plaintiffs are simply not required to make out a prima facie case of copyright infringement before the subpoena may issue. *See Arista Records LLC v. Does 1–19,* 551 F.Supp.2d 1, 6 (D.D.C.2008). Instead, it is the defendant's burden here to establish that the subpoena falls within the Rule 45 criteria for quashing a motion. *See Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.,* 813 F.2d 1207, 1210 (Fed.Cir.1987). His denial of liability is not among those criteria. *See* Rule 45(c)(3)(A).

## III. Conclusion

For all these reasons set forth herein, the Defendants' motion to quash must be **DENIED**. The Plaintiff also requests an order directing Defendant Weltman's Internet Service Provider to immediately provide name and contact information of Defendant Weltman to the Plaintiff and to this Court.

    Respectfully submitted,

    s/Van R. Irion
    Law Office of Van R. Irion, PLLC
    9040 Executive Park Drive, Suite 200
    Knoxville, TN 37923
    (865) 809-1505
    van@irionlaw.com

Dated: February 28, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2012, I electronically filed the foregoing document via the Court's ECF, electronic email system.

s/Van R. Irion
Law Office of Van R. Irion, PLLC
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
(865) 809-1505
van@irionlaw.com
